IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| PONCHO BRUNO FLOREZ, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 13-30 Erie |
| | ) | |
| v. | ) | District Judge Mark R. Hornak |
| | ) | Magistrate Judge Susan Paradise Baxter |
| LEWIS FOLINO, et al., | ) | |
| Respondents. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus filed by state prisoner Poncho Bruno Florez ("Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), be denied as untimely and that a certificate of appealability be denied.

## II. REPORT

### A. Relevant Background[1]

On July 7, 2008, Petitioner appeared before the Court of Common Pleas of Erie County and entered guilty pleas at Criminal Docket Nos. 885 through 888 of 2008, and no contest pleas a Criminal Docket Nos. 889, 890 and 915 of 2008, pursuant to agreements whereby he entered pleas to a single count of robbery at the respective docket numbers with the remaining criminal counts being *nolle prossed*. Alison Scarpitti, Esquire, was Petitioner's attorney.

Several days later, on July 14, 2008, Petitioner filed a *pro se* motion to withdraw his pleas and to proceed to trial. (CP Dkt. No. 6). There is no order in the record indicating that the Court of Common

---

[1] Respondents have submitted the Common Pleas Court's file. The relevant documents are contained in Part 1 of the record and are indexed and numbered. They shall be cited to as "CP Dkt. No. __ ."

1

Pleas ruled on the *pro se* motion. The court likely did not consider it because Petitioner had counsel and hybrid representation in criminal cases is not permitted in Pennsylvania. Commonwealth v. Reid, 642 A.2d 453, 183-84 (Pa. 1994). In any event, Petitioner did not mention any desire to withdraw his pleas at his sentencing, which was conducted on September 10, 2008. He once again acknowledged his guilt (Sentencing Tr. at 9), and the Common Pleas Court sentenced him to an aggregate term of 37 ½ to 75 years' incarceration.

Approximately two months later, Petitioner filed a *pro se* motion in which he requested that his sentence be modified. He also asserted that Attorney Scarpitti was ineffective for failing to file an appeal of his sentence. (CP Dkt. No. 9). The Common Pleas Court construed the motion as one filed under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, and appointed Nicole Sloane, Esquire, to represent him. Attorney Sloane filed a supplemental PCRA motion and requested, *inter alia*, that Petitioner's post-sentence and appellate rights be reinstated. (CP Dkt. No. 13). The Common Pleas Court granted this request. (CP Dkt. No. 15).

Petitioner, through Attorney Sloane, next filed a post-sentence motion in which he requested that he be permitted to withdraw his guilty pleas. He also requested that one of the court's sentencing orders be corrected to reflect the proper sentence as stated at the sentencing hearing. (CP Dkt. No. 17). The Common Pleas Court granted the latter request and on January 16, 2009, it corrected its sentencing order at Criminal Docket No. 890 of 2008. It denied the remainder of Petitioner's motion. (CP Dkt. No. 18).

Petitioner, through Attorney Sloane, filed an appeal with the Superior Court of Pennsylvania. Attorney Sloane also requested that the Superior Court grant her permission to withdraw from Petitioner's representation pursuant to Anders v. California, 386 U.S. 738 (1967). (CP Dkt. Nos. 19-20).

2

On September 10, 2009, the Superior Court issued a Memorandum in which it affirmed Petitioner's judgments of sentence. Commonwealth v. Florez, 346-353 WDA 2009, slip op. (Pa.Super.Ct. Sept. 10, 2009).[2] It held:

> When faced with a purported Anders brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. Commonwealth v. Smith, 700 A.2d 1301, 1303 (Pa. Super. 1997). To be permitted to withdraw pursuant to Anders, counsel must meet the following requirements:
>
>> (1) petition the court for leave to withdraw, stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain counsel or raise any additional points that he deems worthy of the court's attention. After establishing the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous.
>
> Commonwealth v. Boyd, 763 A.2d 421, 423 (Pa. Super. 2000) (citations and quotation marks omitted). A review of the record indicates that appointed counsel has complied with all of the aforementioned requirements of Anders, as restated by Boyd. Accordingly, we will determine the accuracy of appointed counsel's averment that this appeal is wholly frivolous.
>
> The Anders brief for Appellant presents the following issue:
>
> Whether the trial court erred when it denied Appellant's motion to withdraw his guilty plea?

Anders brief for Appellant, at 3.[3]

---

[3] During the pendency of this appeal, Appellant filed pro se a "Motion for Appointment of Counsel and Affidavit in Support Of" that this Court denied on June 11, 2009. We have reviewed the allegations presented by Appellant within the motion in order to determine whether any of these allegations could constitute a *pro se* response by Appellant to counsel's Anders brief. Essentially, the allegations presented by Appellant in the motion constitute a claim that counsel was ineffective for failing to

---

[2] The Common Pleas Court's file does not contain a complete copy of the Superior Court's decision. (See CP Dkt. No. 30). A complete copy of it is made available to the public by the Superior Court's Prothonotary's Office. Respondents are reminded that "[c]are should be taken so that all items [contained in the state court record] are photocopied accurately, legibly, and in full." LCvR 2254.E.1.c.

3

attempt to withdraw his guilty plea. In fact, appointed counsel filed a post-sentence motion to withdraw Appellant's guilty plea after his post-sentence rights were restored. Accordingly, Appellant's motion does not present a proper response to appointed counsel's <u>Anders</u> brief, and we will not consider it further.

Essentially, the <u>Anders</u> brief asserts that the trial court erred by failing to grant Appellant's pre-sentence request to withdraw his guilty plea. We disagree. Although a defendant does not have an automatic right to withdraw their guilty plea before sentencing, a pre-sentence request to withdraw a guilty plea should be freely granted where the defendant offers a "fair and just reason" for the withdrawal and where the Commonwealth is not substantially handicapped by the withdrawal of the plea. <u>See Commonwealth v. Randolph</u>, 553 Pa. 224, 228-29, 718 A.2d 1242, 1244-45 (1998). Generally, a "fair and just reason" has been interpreted by the appellate courts of this Commonwealth to mean the defendant's simple assertion of innocence. <u>See Commonwealth v. Miller</u>, 748 A.2d 733 (Pa. Super. 2000). However, a "fair and just reason" may not be presumed by any court from the defendant's mere request to withdraw the guilty plea and request to proceed to trial. <u>See</u>, <u>e.g.</u>, <u>Commonwealth v. Hollenbach</u>, 544 A.2d 471, 475-76 (Pa. Super. 1988) (remanding matter to trial court upon Commonwealth's appeal to allow for provision of "fair and just" reason by defendant for withdrawal of guilty plea where trial court failed to request reason and defendant did not offer reason, thereby rendering original withdrawal invalid).

Although the trial court did not address Appellant's pre-sentence motion to withdraw, the record is also clear that Appellant did not provide any reason, let alone a "fair and just reason" in the motion to withdraw,[4] and he did not present the issue at the sentencing hearing, either directly or through counsel.[5] Indeed, at the sentencing hearing, Appellant accepted culpability for his crimes and presented himself to the trial court to be sentenced. Under these facts, we are satisfied that the trial court did not err by failing to grant Appellant's pre-sentence motion to withdraw guilty plea. <u>Cf.</u> <u>Hollenbach</u>, 544 A.2d at 475-76 (courts may not presume existence of "fair and just reason" for withdrawal of guilty plea). Therefore, we conclude that the argument presented for Appellant in the <u>Anders</u> brief is wholly frivolous. Further, we are unable to discern any arguably meritorious issues in the record that could have been raised on Appellant's behalf. Thus, we grant appointed counsel's request to withdraw and affirm the judgments of sentence.

[4] Within the pre-sentence motion, Appellant stated, "On 07-07-08[,] a plea agreement was entered into the courts. I, [Appellant], hereby wish to withdraw that plea agreement and proceed to trial in the September term. Thank you for your time in this matter." Pre-sentence motion, 7/14/2008, at 1 (unnumbered).

[5] Although Appellant was represented by appointed counsel at the time of the filing of the pro se motion, appointed counsel did not raise the issue before the sentencing hearing.

4

Petition to withdraw is granted. Judgments of sentence affirmed.

Florez, 346-353 WDA 2009, slip op. at 5-8.

Petitioner filed a *pro se* petition for allowance of appeal ("PAA") with the Pennsylvania Supreme Court, which was denied on April 20, 2010. (CP Dkt. No. 35). His judgments of sentence became final on or around July 19, 2010, upon expiration of the time to file a petition for writ of certiorari with the U.S. Supreme Court. Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (same).

On or around September 27, 2010, Petitioner filed a timely *pro se* PCRA motion with the Common Pleas Court. (CP Dkt. No. 36). He alleged that he was heavily medicated at the time of his pleas and, therefore, they had been entered involuntarily, unintelligently, and unknowingly. He also alleged that his trial counsel (Attorney Scarpitti) had provided him with ineffective assistance by forcing him to plead and by failing to provide him with a copy of the discovery.

The Common Pleas Court appointed William J. Hathaway, Esquire, to represent Petitioner. Attorney Hathaway subsequently filed a "no merit" letter and a request to withdraw as counsel. (CP Dkt. No. 39). He wrote:

> I have not discerned any basis in the case record to substantiate that the Petitioner was rendered incompetent as to his election to enter the pleas in the respective cases either due to some cognitive impediment due to medication or through the deprivation of any review of the discovery package as suggested by the Petitioner. To the contrary, the Petitioner was afforded a legally sufficient written and oral plea colloquy before Judge Garhart and afforded the benefit of a negotiated plea agreement as to each docket number whereby numerous criminal counts were *nolle prossed*. Moreover, the Petitioner specifically elected to fashion his pleas as to guilty pleas as to five of the dockets and no contest pleas as to the remaining three dockets. The Petitioner displayed an understanding of the nature of the negotiated pleas and an intention to accept the terms of those plea agreements. The plea record fails to suggest any evidence of cognitive impairment as now suggested by the Petitioner.

5

> Therefore, I am compelled to find that the Petitioner has failed to state any colorable claims for PCRA relief…. I am submitting the enclosed Petition for Leave to Withdraw as Counsel from the instant case thereby leaving the Petitioner with the option of proceeding pro se or with privately retained counsel or not at all pursuant to Commonwealth v. Turner, 944 A2d 927 (Pa. 1988). I have served a copy of this "no-merit" letter and application to withdraw as counsel contemporaneous to the instant filing with the Court upon the Petitioner with a statement advising the Petitioner that, in the event that the Court grants the application of counsel to withdraw, he has the right to proceed pro se or with the assistance of privately retained counsel. See Commonwealth v. Friend, 896 A.2d 607 (Pa. Super. 2006).

(CP Dkt. No. 39 at 2-3).

Petitioner responded to Attorney Hathaway's no-merit letter by filing a motion in which he requested a hearing on his claims for PCRA relief. He disagreed with Hathaway that there were no meritorious issues to be litigated. (CP Dkt. No. 40).

The Common Pleas Court granted Hathaway's request to withdraw (CP Dkt. No. 42), and on December 8, 2010, it denied the PCRA motion on the merits. (CP Dkt. No. 43. See also CP Dkt. No. 41). It held:

> [T]he record reveals a thorough written and oral plea colloquy by Judge Garhart, a negotiated plea agreement at each docket, the nolle prossing of a large number of counts, and the further crafting of five (5) of the dockets as pleas of guilty and three (3) of the dockets as no contest pleas. There is nothing, absolutely nothing in the record which would indicate that the Defendant was not understanding of the plea, his rights, or his sentencing exposure. Absolutely everything of record points to a voluntary, knowing, and intelligent plea. Nor has the Defendant presented any indicia as to how counsel forced him to plea, especially when the Defendant in his waiver of rights, which he signed only after he was orally informed of each, unequivocally assented that no one has made any threats, promises, or inducements in order to procure the plea.
>
> Finally, the Court is unaware of whether video transcripts were a part of the discovery in this case. In any event, the Defendant has produced no evidence that such were exculpatory or had any effect on his decision to plead. Indeed he made no mention of them at the time of the entry of his plea.

(CP Dkt. No. 41 at 1-2).

Petitioner had 30 days in which to file an appeal with the Superior Court. He did not pursue one. Accordingly, this PCRA proceeding concluded on or around January 7, 2011, the date upon which the time to file an appeal expired. Swartz, 204 F.3d at 419-21.

More than a year later, on or around January 19, 2012, Petitioner filed another PCRA motion in which he asserted that his sentence was illegal. He contended that the two-month robbery spree was all part of the same criminal episode or transaction. He also made alternative arguments that certain consecutive robberies were part of the same criminal episode or transaction. Petitioner further alleged that his prior record score was improperly calculated at the time of his sentence and that the court considered improper factors in arriving at his sentence. (CP Dkt. Nos. 44, 45).

The Common Pleas Court dismissed this PCRA motion on February 23, 2012. (CP Dkt. No. 46, 50). Petitioner filed an appeal with the Superior Court in which he raised the following issues:

> 1. Was initial [PCRA] counsel Sloane ineffective for failing to raise [the] sentencing court's abuse of discretion and error of law, as well as counsel Scarpitti's ineffectiveness[?] And was counsel Hathaway ineffective for failing to raise both prior counsels['] ineffectiveness and the sentencing court's abuse of discretion and error of law?
>
> 2. Did the sentencing court abuse its discretion in regards to the above[-]named criminal matter; [d]id the sentencing court possess the statutory authority to sentence Appellant to a total term of 37 ½ to 75 years in prison?

(CP Dkt. No. 54, Commonwealth v. Florez, 385 WDA 2012, slip op. at 4 (Pa.Super.Ct. Aug. 31, 2012) (quoting Appellant's Brief at 5) (bracketed text in the Superior Court's Memorandum)).

On August 31, 2012, the Superior Court issued a Memorandum in which it affirmed the Common Pleas Court's decision. It held that the PCRA motion was untimely under the PCRA's one-year statute of limitations, 42 Pa.Cons.Stat. § 9545(b). (CP Dkt. No. 54, Florez, No. 385 WDA 2012, slip op. at 5-7).

7

On January 27, 2013, Petitioner filed with this Court the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his first claim for relief, he contends that Attorney Scarpitti was ineffective during the plea negotiation process, and that Attorney Sloane and Attorney Hathaway were ineffective for failing to litigate the issue in his post-conviction proceedings. In his second claim, he contends that his "prior record score was improperly calculated at the time of sentencing and the sentencing court considered improper factors in arriving at his sentence." In his third claim, he contends that: "Nos. 884-890 and 915 were part of the 'same transaction' or criminal episodes." [ECF No. 6 at 5, 7, 8. See also ECF No. 7].

**B.** **Discussion**

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

8

28 U.S.C. § 2244(d).

Section 2244(d)(1)(A) applies in this case, with AEDPA's limitation period commencing for each of Petitioner's claims on the date his judgment of sentence became final. As set forth above, that date is July 19, 2010. Therefore, AEDPA's limitation period began to run on that date. Swartz, 204 F.3d at 419. He filed a timely PCRA motion about 70 days later, on September 27, 2010. In accordance with § 2244(d)(2), that PCRA motion statutorily tolled AEDPA's limitations period beginning on that date.

That PCRA proceeding concluded on or around January 7, 2011, which is the date upon which the time to file an appeal with the Superior Court from the Common Pleas Court's decision to deny PCRA relief expired. Swartz, 204 F.3d at 419-20. AEDPA's limitations period began to run again the next day, on January 8, 2011. Since about 70 days had expired already from the limitations period, Petitioner had 295 more days – until on or around October 30, 2011 – to file a timely federal habeas petition. He did not file the instant petition until January 27, 2013, which is approximately **455 days** past the deadline.

Importantly, the limitations period was not *statutorily tolled* pursuant to § 2244(d)(2) during the pendency of Petitioner's most recent PCRA proceeding. Because the Superior Court determined that that PCRA motion was untimely, it does not qualify as a "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (quotation marks and brackets deleted); id. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

The U.S. Supreme Court has held that AEDPA's statute-of-limitations period "is subject to *equitable tolling* in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010) (emphasis added).

A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The U.S. Court of Appeals for the Third Circuit has explained:

> "There are no bright lines in determining whether equitable tolling is warranted in a given case." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." Miller [v. New Jersey State Dept. of Corr.], 145 F.3d [616, 618 (3d Cir. 1998)].

Sistrunk, 674 F.3d at 190.

Petitioner has not met his burden of demonstrating that he is entitled to equitable tolling. Nor has he shown that he could satisfy his burden if the Court granted his request for an evidentiary hearing.[3] He complains about Pennsylvania law and his attorneys' representation [ECF No. 24], but none of his allegations, if true, come close to qualifying as an "extraordinary circumstance" that stood in his way of filing a timely federal habeas petition. He also fails to raise allegations that, if true, would demonstrate that he was diligent in filing his federal habeas corpus petition, which was untimely by 455 days. Petitioner may not have understood the implications of waiting so long to file his federal habeas corpus petition, but it is well established that "lack of legal knowledge or legal training does not alone justify equitable tolling." Ross v. Varano, 712 F.3d 784, 799-800 (3d Cir. 2013) (citations omitted).

---

[3] Petitioner has filed a motion for an evidentiary hearing at ECF No. 24. It will be denied by a separate text order following the issuance of this Report and Recommendation.

10

Petitioner also cites to the U.S. Supreme Court's decisions <u>Martinez v. Ryan</u>, — U.S. — , 132 S.Ct. 1309 (2012) and <u>Trevino v. Thaler</u>, — U.S. — , 133 S.Ct. 1911 (2013). Neither decision is relevant to this case. In <u>Martinez</u>, the Supreme Court held that in states like Pennsylvania, in which state law requires that claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding (such as the PCRA), a petitioner may be able to establish "cause" sufficient to overcome a **procedural default** of "a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." <u>Martinez</u>, 132 S.Ct. at 1321. In <u>Trevino</u>, the Supreme Court extended its holding in <u>Martinez</u> to federal habeas corpus cases arising from the State of Texas. Neither case held that ineffective assistance of post-conviction counsel provided a basis for equitable tolling under AEDPA's limitations period. <u>See</u>, <u>e.g.</u>, <u>Wilson v. Sweeney</u>, No. 11-1201, 2014 WL 714920, 12 (D. N.J. Feb. 24, 2014) (citing numerous district court decisions in support of the proposition that holding in <u>Martinez</u> does not provide a basis for equitable tolling). In addition, as set forth above, none of Petitioner's complaints about his attorneys explain or excuse why he waited so long to file a federal habeas corpus petition.

In conclusion, all of Petitioner's claims are untimely under AEDPA's statute of limitations and must be denied for that reason.

### C.     **Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability should be denied.

### III.	CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                        /s/ Susan Paradise Baxter
                        SUSAN PARADISE BAXTER
                        United States Magistrate Judge

Dated:  April 2, 2014

cc:	The Honorable Mark R. Hornak
      United States District Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Poncho Bruno Florez
    JL-2648
    SCI Greene
    175 Progress Drive
    Waynesburg, PA 15370