IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| PONCHO BRUNO FLOREZ, | ) | |
| --- | --- | --- |
| Petitioner, | ) | Civil Action No. 13-30 Erie |
| | ) | |
| v. | ) | District Judge Mark R. Hornak |
| | ) | Magistrate Judge Susan Paradise Baxter |
| LOUIS FOLINO, et al., | ) | |
| Respondents. | ) | |

## **MEMORANDUM ORDER**

This habeas action filed by Poncho Bruno Florez was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges. The Magistrate Judge issued a Report and Recommendation ("R&R"), ECF No. 25, in which she recommended that each of Florez's claims be denied as untimely under the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA's") one-year statute of limitations, codified at 28 U.S.C. § 2244(d). The Magistrate Judge also recommended that a certificate of appealability ("COA") be denied.

Florez has filed Objections to the R&R. ECF No. 26. Where, as here, Objections have been filed, the Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made. See 28 U.S.C. § 636(b)(1). Accordingly, this Court has carefully examined *de novo* all arguments raised by Florez in his Objections and agrees with the Magistrate Judge that his claims must be denied as untimely and that he is not entitled to a COA. Florez's Objections are overruled and the Court approves and adopts the R&R, as supplemented herein. The Court writes only to address Florez's contention that the Magistrate Judge erred in failing to address his "citing" of Peugh v. United States, — U.S. —, 133 S.Ct. 2072 (2013). Objections, ECF No. 26 at 2.

1

In Peugh, a federal defendant argued at his sentencing that the *Ex Post* Facto Clause required that he be sentenced under the version of the Federal Sentencing Guidelines in effect at the time he committed his crimes, rather than under the version in effect at the time of sentencing (which yielded a higher applicable sentencing range). 133 S.Ct. at 2078-79. The district court rejected the defendant's *ex post facto* claim and sentenced him under the version of the Guidelines in effect at the time of his sentencing. The United States Court of Appeals for the Seventh Circuit affirmed the district court's decision. The Supreme Court of the United States reversed. It agreed with the defendant that there was an *ex post facto* violation because the newer version of the Guidelines provided a higher applicable sentencing range than the version in place at the time he committed his offenses. Id. at 2078-84, 2086-88.

Peugh has no relevance to Florez's case. Florez did not raise an *ex post facto* claim in his petition for a writ of habeas corpus, ECF No. 6, or in his memorandum of law in support of his petition, ECF No.7. He did not at any point move to amend his petition to include an *ex post facto* claim. He did not raise an *ex post facto* claim at any time in state court. In fact, it appears that the first time Florez referenced the *Ex Post Facto* Clause was when he discussed Peugh in the memorandum he filed with the Court on March 7, 2014, ECF No. 24 at 11. His discussion of Peugh was not relevant to the only issue before the Court at that time, which was whether Florez could establish equitable tolling of AEDPA's statute of limitations.

If Florez had sought and been granted leave to amend his petition to include and *ex post facto* claim, the Court would deny it for the same reason that all of his other claims are being denied: because it is untimely under AEDPA's one-year statute of limitations.[1] Although

---

[1] Any *ex post facto* claim also likely would be denied for the separate reason that Petitioner procedurally defaulted it for the purposes of federal habeas review because he did not exhaust it in state court. See, e.g., Lines v. Larkins, 208 F.3d 153, 16069 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

2

Florez's *ex post facto* claim would be denied for that reason, it is worth noting that he has failed to plead any facts that raise even the possibility of an *ex post facto* violation and there is nothing in the record that indicates that such a violation may have occurred. Florez committed his crimes in late 2007 and early 2008. The Pennsylvania Sentencing Guidelines in effect on the date he committed those crimes were the same Guidelines in effect on the date he was sentenced on September 10, 2008. Therefore, Florez did not face a circumstance similar to that which the defendant in Peugh encountered.

Based upon all of the foregoing, and after a *de novo* review of the petition and documents in this case, together with the R&R and Objections thereto, the following order is entered:

**AND NOW**, this 24TH day of **June, 2014, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus is **DENIED** and a certificate of appealability is **DENIED**. The R&R of Magistrate Judge Baxter, ECF No. 25, is adopted as the opinion of the Court as supplemented herein.

Mark R. Hornak
United States District Judge

cc: All parties of record
Susan Paradise Baxter,
U.S. Magistrate Judge

3